POLEN, Judge.
This is a petition for writ of certiorari in which review is sought of a trial court order overruling petitioners’ objections to a compulsory physical examination of Anthony Pregony in a pending personal injury action. Mr. Pregony was injured in an automobile accident in Florida while on vacation in 1986. An attorney for petitioners entered into settlement negotiations with Aetna Casualty Insurance Company (Aet-na), the respondents’ insurer. Representatives of Aetna entered into agreements with petitioners’ attorney for Mr. Pregony to have orthopedic and ENT examinations by doctors selected by Aetna. The agreement provided that those examinations were to be considered “in lieu of court-appointed examination.” The examinations were performed in Pregony’s home state of Massachusetts.
In November, 1988, after settlement negotiations failed, petitioners filed a lawsuit against respondents. Respondents subsequently scheduled an orthopedic examination for Mr. Pregony by a Florida doctor. Petitioners filed a response and objection to the examination alleging that, based upon the agreement made with Aetna during settlement negotiations, further orthopedic or ENT examinations were precluded. The matter was heard by the trial court, and in an order dated March 30, 1989, the trial court overruled petitioners’ objections.
We agree with petitioners’ argument that the respondents are bound by the stipulations made by Aetna’s representatives in the settlement negotiations. When petitioners agreed to the examinations of Mr. Pregony upon Aetna’s representation that if he submitted to physical examinations at that time, it would be in lieu of court-appointed examinations later, Aetna was clearly acting on behalf and for the benefit of respondents in seeking to secure a prelitigation settlement of any claims petitioners may have had against respondents. Respondents’ argument that they are not bound by Aetna’s representations during settlement negotiations because they were not then a party to the lawsuit is simply without merit. Petitioners were precluded from naming Aetna as a defendant in their lawsuit by section 627.-7262, Florida Statutes (1987), the Florida non-joinder statute.
We grant the writ of certiorari and quash the trial court order since it constitutes a departure from the essential requirements of law which may cause material injury to petitioners through the remainder of the trial, which would not be addressable on plenary appeal. We have previously held that certiorari lies to quash trial court orders compelling examinations of parties that would be body-invasive, or pose substantial physical discomfort or risk of adverse consequences to the examinee. We now hold that to compel petitioner to travel from Massachusetts to Florida for an examination which respondents’ insurer’s stipulation expressly precluded would be a comparable invasion warranting cer-tiorari relief. To uphold the trial court’s order in this matter would be to give credence to the fiction that an insurer is not the agent of its insured during pre-lawsuit settlement negotiations. In this case it is *116 clear Aetna was acting as respondents’ agent in seeking a settlement of petitioners’ possible claims. Eliminating the ability of an insurer to bind its insured in the settlement process would render any attempts to avoid litigation by settlement meaningless and mere academic exercises.
Accordingly, we grant the petition and quash the order of the trial court. This matter is remanded for further proceedings not inconsistent with this opinion.
GLICKSTEIN, J., concurs.
STONE, J., dissents without opinion.